

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WEN ZHANG, *on his own behalf and on behalf of others similarly situated*,

    Plaintiff,

-against-

FOUR SEASONS BEAUTY SPA INC. d/b/a Four Seasons Beauty Spa, et al.,

    Defendants.

18-CV-8259 (GHW) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Yesterday, I denied a last-minute request by plaintiff to adjourn, *sine die*, the settlement conference scheduled for 2:15 today, via Zoom, between plaintiff Wen Zhang, who is represented by counsel, and *pro se* defendant Xia Zhou. (Dkt. No. 159.) Plaintiff's counsel emailed a copy of that order to Xia Zhou yesterday evening. (Dkt. No. 160-1.)

    At 2:15 today, plaintiff and his attorney Aaron Schweitzer logged into the designated Zoom link, accompanied by Tom Chang, an employee in Schweitzer's office, who was prepared to serve as a Chinese-English translator for plaintiff Wen Zhang. Defendant Xia Zhou did not appear. When attorney Schweitzer contacted her by telephone, she informed him and the Court's deputy clerk (speaking in Chinese, translated by Chang) that she was not prepared to proceed with the settlement conference because she did not have a translator of her own available,[1] and because she had a headache. When the Court's deputy clerk asked her if she would be ready to proceed with the Court-ordered conference by 4:00 p.m., she said that she would contact her translator and call back within ten minutes. Xia Zhou did not call back. After approximately 30 minutes, attorney Schweitzer contacted her again by telephone, at which point she informed him and the Court's

---

[1] The Court's Revised Order Scheduling Settlement Conference (Dkt. No. 157), as well as yesterday's Order, advised Xia Zhou that she could use a friend or relative as translator. Attorney Schweitzer reminded her of this on the telephone.

deputy clerk (through Chang) that she had not been able to reach her translator, still had a headache, and was lying down.

I have reluctantly come to the conclusion that further efforts to compel the parties to participate in a judicially-mediated settlement conference would be both futile and wasteful of the Court's resources. I base this conclusion on the failure of the parties' earlier mediation (*see* Dkt. Nos. 22, 29); the difficulty that the deputy clerk experienced in scheduling today's settlement conference; the failure of both sides to comply with their pre-conference responsibilities (*see* Dkt. Nos. 158, 159); plaintiff's last-minute efforts to cancel the conference altogether; and defendant's obvious reluctance to participate, which she has expressed, in part, by simply ignoring this Court's settlement-related orders.

Due to the defendant's *pro se* status – and the fact that inability to pay appears to be one of the major substantive impediments to settlement – I do not believe that monetary sanctions would be an effective tool to compel compliance with the Court's orders. Xia Zhou is reminded, however, that continued failure to the comply with those orders can result in significant monetary and non-monetary sanctions, including the entry of a default against her and, upon application, the issuance of a default judgment against her.

The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* defendant Xia Zhou.

Dated: New York, New York
       March 9, 2022                              SO ORDERED.

                                                  _____
                                                  **BARBARA MOSES**
                                                  **United States Magistrate Judge**