USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WEN ZHANG, *individually and on behalf of all other employees similarly situated*,

                                                 Plaintiff,

-against-

FOUR SEASONS BEAUTY SPA INC., *et al.*,

                                                 Defendants.
-------------------------------------------------------------------X

1:18-cv-8259-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

Plaintiff Wen Zhang was employed as a beauty spa worker at two Manhattan spa locations—Four Seasons Beauty Spa and Five Stars Beauty Spa—for approximately ten months, from August 2017 until June 2018. He filed a complaint on September 11, 2018, alleging that Defendants, who he says were his former employers, violated various provisions of the Fair Labor Standards Act and the New York Labor Law.

This order resolves a single issue within this long-running case: Whether Defendant Yan Chao Zhang must be dismissed from this action for deficient service of process. Because Plaintiff has not met his burden to show that Defendant Zhang was properly served, the answer to that question is yes. Accordingly, Defendant Zhang's cross-motion to dismiss Plaintiff's case as against her is GRANTED.

## II. PROCEDURAL HISTORY[1]

In May 2022, upon the affirmation of Plaintiff's counsel and evidence presented by Plaintiff, this Court entered an order to show cause as to why default judgment should not be entered against

---

[1] This procedural history, and the facts contained within it, covers only the background relevant to the issue resolved by this order.

the defendants in this case. Dkt. No. 185 (order to show cause); *see* Dkt. Nos. 182 (affirmation of Plaintiff's counsel and supporting exhibits), 183 (supporting memorandum of law). That order gave defendants until July 11, 2022 to oppose default judgment. Dkt. No. 185. On July 11, 2022, Defendant Zhang objected to the order to show cause and filed a cross-motion to dismiss Plaintiff's case as against her. Dkt. Nos. 194 (objection), 196 (opposition to default judgment and cross-motion to dismiss), 197 (Defendant Zhang's affidavit in support of cross-motion to dismiss), 198 (memorandum of law in support).

The basis for the motion was that, according to Defendant Zhang, she was never properly served. Plaintiff had contended that the summons and complaint were given to an individual named "Kevin" at 57 West Eighth Street, New York, NY 10011 on October 12, 2018, and that service was mailed to that address the same day. Dkt. No. 182 ¶ 13; *see* Dkt. No. 182 Ex. 16 (purported proof of service). That constituted service on Defendant Zhang, Plaintiff argued, because 57 West Eighth Street was Defendant Zhang's actual place of business, and in New York, service can be effectuated by serving a person of suitable age and discretion at a defendant's place of business. Dkt. No. 182 ¶ 13; *see* Fed. R. Civ. P. 4(e)(1) (permitting service that follows state law); N.Y. C.P.L.R. § 308(2) (permitting service on an individual by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business" and then "mail[ing] [it] to the person to be served at his or her actual place of business").

But Defendant Zhang, in an affidavit accompanying her motion to dismiss, contended that she could not have been properly served at her place of business because she had no "business address [at] 57 West 8th Street, New York, NY 10011" at the time of service. Dkt. No. 197 ¶ 17; *see also id.* ¶¶ 9–16 (explaining that she had sold Four Seasons Beauty Spa, Inc., which is located at 57 West Eighth Street, prior to the events giving rise to this case); Dkt. No. 197 Exs. 1–3 (exhibits filed

2

to prove that she had sold the business and her interest in it).[2]  In her memorandum of law, Defendant Zhang also raised questions concerning process server Marcel Holley, who Plaintiff had listed as having delivered service.  Dkt. No. 198 at 5; *see* Dkt. No. 182 Ex. 16 (Mr. Holley's affidavit of service).  Defendant Zhang noted that Mr. Holley listed his license number as "2045542" on his affidavit, which contained a different digit than the number listed for Mr. Holley by the Department of Consumer Affairs (the "DCA")—"2045442."  Dkt. No. 198 at 5.  Defendant Zhang also suggested a motive for the change:  Mr. Holley, Defendant Zhang submitted, had an expired license, so it was "questionable" whether the changed digit was "a simple error or intentional concealment of the expired license from DCA."  *Id.*  And Defendant Zhang submitted an exhibit from the website "DataGov US" that contained Mr. Holley's actual license number and listed his license as expiring on February 28, 2018—nearly seven-and-a-half months before Mr. Holley purportedly served "Kevin" at 57 West Eighth Street.  Dkt. No. 198 Ex. 1 at 1.

The Court held a conference on July 15, 2022 to determine how to best address the issues raised by Defendant Zhang's motion.  Dkt. No. 200.  Because the parties continued to disagree over the resolution of those issues, the Court scheduled further briefing on them.  *Id.*  Given the disagreements of the parties about the facts of service and the Court's understanding that "factual issues aren't generally resolved by the Court based on an affidavit," the Court also "schedule[d] an evidentiary hearing" for October 3, 2022, "to determine whether or not Plaintiff has met his burden to prove service of process."  *Id.*

In his briefing in advance of the hearing, Plaintiff argued that 57 West Eighth Street was Defendant Zhang's actual place of business because she "was regularly physically present at, transacted business at, and helped to operate" the business at that location.  Dkt. No. 204 at 2–3; *see*

---

[2] Defendant Zhang also represented that she never personally "received [a] summons and complaint in this action." Dkt. No. 197 ¶ 5.  Plaintiff has never contested this, and bases his claim that service was properly effectuated solely on the purported service at Defendant Zhang's place of business.

Dkt. No. 203 Ex. 2 ¶ 13–14 (a declaration from Xia Zhou, whom Defendant Zhang sold the business to, stating that Defendant Zhang still worked at that location after selling the business). Plaintiff's briefing also asserted that Mr. Holley's license was not expired when he served "Kevin" at 57 West Eighth Street and provided a document from the DCA that listed his license's expiration date as February 28, 2024.  Dkt. No. 204 at 5; Dkt. No. 203 Ex. 1.

Defendant Zhang, in response, continued to contest that her actual place of business was located at 57 West Eighth Street at the time of service.  Dkt. No. 205 at 5–6.  Further, as to Mr. Holley, Defendant Zhang noted that the DCA document provided by Plaintiff did not show whether there had been "any interruption to his license," that Plaintiff had not addressed the issue of Mr. Holley's incorrect license number on the affidavit of service, and that "Mr. Holley did not submit any declaration as to the details and circumstances of the services he made upon all defendants in this action."  *Id.* at 8.  "These questions," Defendant Zhang noted, "need[ed] to be answered at the [October 3, 2022] hearing scheduled by the Court."  *Id.*

The Court issued an order on August 3, 2022 based on the parties' submissions.  Dkt. No. 207.  In that order, the Court explained that given the evidentiary disputes, it would "only consider evidence presented at the evidentiary hearing scheduled for October 3, 2022 in order to evaluate the motion" to dismiss.  *Id.*  The Court also noted its expectation that witnesses would appear and provide live testimony at the hearing.  *Id.*

At the outset of the October 3, 2022 hearing, the Court reminded the parties that, in accordance with its prior order, "any evidence that the parties wish to present to the Court for its consideration must be presented to it here" during the hearing.  Plaintiff's counsel began the hearing by calling his first and only witness, Plaintiff Wen Zhang.  When he was done testifying, the Court asked:  "Counsel for Plaintiff, is there any additional evidence that you'd like to present to the Court in connection with this motion?"  Plaintiff's counsel said that there was not.  Defendant Zhang's counsel then called his witnesses, Defendant Zhang and Defendant Zhang's coworker Jiao Yuan,

4

and they proceeded to testify extensively concerning whether Defendant Zhang's actual place of business was located at 57 West Eighth Street at the time of service.

Through all this testimony, Plaintiff never introduced any evidence on the issues related to Mr. Holley's license, or the details of Mr. Holley's service at 57 West Eighth Street. The Court then asked if the parties would stipulate to the introduction of Mr. Holley's affidavit of service and the accuracy of the representations in it. While Plaintiff's counsel answered in the affirmative, Defendant Zhang's counsel declined to so stipulate, noting that Mr. Holley's absence precluded the defense from conducting cross-examination about the details of service. The Court accordingly asked Plaintiff's counsel what it could do with his application for default judgment against Defendant Zhang given that Plaintiff's counsel had "not introduce[d] the affidavit of service or present[ed] the person who purported to have served the complaint." When Plaintiff's counsel argued that the hearing was solely about Defendant Zhang's place of business, the Court responded that this "statement [was] false" because "the hearing [was] about the 12(b)(5) motion" to dismiss for service of process in its entirety. And the Court noted that, even *had* Plaintiff's counsel attempted to enter Mr. Holley's affidavit of service into evidence, it did not understand how the affidavit would not be hearsay—and thus inadmissible—without Mr. Holley's testimony. Plaintiff's counsel responded that he "didn't have an answer off the top of [his] head" to that issue, but "would appreciate time to brief it." The Court granted that request. *See* Dkt. No. 211 (ordering briefing "concerning how [the Court] could consider the assertions contained within the Affidavit of Service and Summons on Defendant Yan Chao Zhang, Dkt. No. 15, for their truth in the absence of any testimony by the process server").

Plaintiff, however, did not submit his briefing on that issue by the October 7, 2022 deadline. Instead, nine days after that deadline, he requested an extension of time to brief the issue. Dkt. No. 212. The Court denied that request, noting its extreme tardiness. Dkt. No. 213. It also explained that several of Plaintiff's excuses for failing to meet the briefing deadline were known to

Plaintiff when the briefing was ordered and only arose as issues after the briefing deadline passed. *Id.* The Court accordingly informed the parties that it would "rule on Defendant Yan Chao Zhang's motion to dismiss based on the evidence presented by the parties at the October 3, 2022 conference." *Id.*

### III. DISCUSSION

The Court will grant Defendant Zhang's motion to dismiss because Plaintiff has failed to prove, based on the evidence that the Court has considered, that Defendant Zhang was effectively served. "Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." *McIntire v. China MediaExpress Holdings Inc.*, 927 F. Supp. 2d 105, 132 (S.D.N.Y. 2013) (quoting *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y.2002)). Here, Defendant Zhang raised two principal challenges to the sufficiency of service. First, she argued that 57 West Eighth Street was not her actual place of business, and so she could not be served there pursuant to New York's business-service provision. Dkt. No. 198 at 6–8. Second, she questioned several aspects of Mr. Holley's service of process itself, including his qualifications to effectuate service. *Id.* at 3–5; *see* Dkt. No. 205 at 8.

Plaintiff's counsel made significant efforts to address Defendant Zhang's first challenge concerning her place of business at the October 3, 2022 hearing. But he did not address Defendant Zhang's second challenge concerning Mr. Holley at all. Indeed, he never even attempted to introduce the affidavit of service signed by Mr. Holley, despite a reminder at the beginning of the hearing that "any evidence that the parties wish to present to the Court for its consideration must be presented to it here," and a direct question after Plaintiff's testimony concerning whether there was "any additional evidence that [he would] like to present in connection with this motion." Even if Plaintiff's counsel had attempted to introduce the affidavit of service, moreover, it is hard to see how the Court could have considered it for its truth—that Defendant Zhang was served—without Mr. Holley present. *See* Fed. R. Evid. 801(c) (defining hearsay as "a statement that: (1) the declarant

6

does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"); Fed. R. Evid. 802 (noting that hearsay is not admissible unless a federal statute, the Federal Rules of Civil Procedure, or other rules prescribed by the Supreme Court provide otherwise); *see also* Dkt. No. 207 (the Court noting that it "expect[ed] that all witnesses at the hearing [would] provide live testimony" and directing "[c]ounsel for the parties" "to ensure that their witnesses appear at the hearing"). When asked about how the Court could consider the affidavit without Mr. Holley's testimony, counsel had no response; he then subsequently failed to submit a brief addressing the issue after the fact despite being given leave to do so. *See* Dkt. Nos. 211, 213.

Plaintiff's counsel's statement that the October 3, 2022 hearing was solely about Defendant Zhang's actual place of business was—as the Court noted at the time—incorrect. In her briefing, Defendant Zhang raised repeated questions concerning Mr. Holley's service of process, putting Plaintiff on notice that this issue was contested. Dkt. No. 198 at 3–5; Dkt. No. 205 at 8. And after Defendant Zhang's motion to dismiss was filed and the Court held a conference on how best to proceed, the Court repeatedly instructed the parties that it would only consider evidence concerning that motion at the evidentiary hearing scheduled for October 3, 2022. It noted that fact in its August 3, 2022 order. Dkt. No. 207 ("The Court will only consider evidence presented at the evidentiary hearing scheduled for October 3, 2022 in order to evaluate the motion."). It repeated that guidance at the outset of the October 3 hearing, noting that "any evidence that [the parties] wish to present to the Court for its consideration must be presented to it here." And it asked both parties, including Plaintiff, at the close of their witnesses' testimony if there was any other evidence that they wished to introduce. Given those repeated orders and statements, counsel for both parties were on notice that *all* evidence related to any portion of Defendant Zhang's motion to dismiss had to be introduced at the hearing.

Once Defendant Zhang challenged Plaintiff's service of process, it was Plaintiff's burden to prove effective service. *McIntire*, 927 F. Supp. 2d at 132. That burden included demonstrating that Mr. Holley was qualified to serve process, and that he in fact served Defendant Zhang sufficiently to make her a defendant in this case. Because Plaintiff introduced no facts at the October 3, 2022 evidentiary hearing to support the sufficiency of Mr. Holley's service, he has not carried his burden, and Defendant Zhang must be dismissed from this case.

## IV.  CONCLUSION

For the reasons stated above, Defendant Zhang's cross-motion to dismiss the case as against her is GRANTED. If Plaintiff wishes to apply for default judgment against the remaining defendants in the case, he is directed to do so in accordance with the Court's individual rules. *See* Dkt. No. 180. In addition, the show cause hearing previously scheduled for November 10, 2022, Dkt. No. 201, is adjourned *sine die*. Finally, Plaintiff is directed to inform the Court no later than fourteen days from the date of this order whether, and to what extent, this order requires Plaintiff to modify any other docket submissions related to the previous application for default judgment.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 196 and to remove Yan Chao Zhang's name from the caption of this case.

SO ORDERED.

Dated: October 27, 2022
New York, New York

GREGORY H. WOODS
United States District Judge